UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ELIJAH HOLLMAN, | ) | CASE NO. 4:09 CV 2030 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN J. T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

        Pro se petitioner Elijah Hollman filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner, who was incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton) when he filed this petition, asserts he is entitled to immediate release into a Residential Re-entry Center (RRC). Mr. Hollman amended his petition on October 14, 2009 to also claim the respondent is deliberately indifferent to his rehabilitative needs by failing to immediately place him in an RRC. For the reasons discussed below, Mr. Hollman's petition will be dismissed as moot.

*Background*

        On January 16, 2004, the petitioner pleaded guilty to distribution and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

841(a)(1)(A) (III).  Mr. Hollman subsequently tested positive for cocaine that morning.  As a result, the district judge later retook the petitioner's plea and, on June 13, 2005, sentenced him to 60 months in prison.  Hollman v. Lindsay, No. 08-CV-1417 (NGG), 2009 WL 3112076 (E.D.N.Y. Sept. 25, 2009).

On or about August 1, 2005, the petitioner began serving his sentence.  While it is not clear where he was initially incarcerated, he was transferred to the Brooklyn Metropolitan Detention Center on October 13, 2005.  He was transferred to F.C.I. Elkton on February 12, 2008.

In August 2009, Mr. Hollman submitted a Request for Administrative Remedy Informal Resolution Form to F.C.I. Elkton Staff.  He complained he was being deprived of his right to rehabilitation because of his race.  As relief, he sought pre-release placement in an RRC under the Second Chance Act.  F.C.I. Elkton staff responded to the petitioner on August 21, 2009, explaining that petitioner's placement in an RRC was being reviewed by the prison's Unit Team pursuant to the Act.

In his appeal to the warden, Mr. Hollman was advised the issue had already been resolved.  Based on that response, the petitioner asserts it is futile to pursue his administrative remedies.

*Mootness*

Petitioner asserts the respondent refuses to "place the petitioner at six months or better immediately in a RRC." (Pet. at 7.)  He claims the respondent was discriminating against him as an African-American because he had not been recommended for 150-180 days in pre-release RRC under the Second Chance Act, when he knew of Caucasian prisoners who were.

The Second Chance Act, Pub.L. No. 110-199, 122 Stat. 657(April 9, 2008), amended

2

18 U.S.C. § 3624(c) to "authorize[ ] the [Bureau of Prisons ("BOP")] to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." Montes v. Sanders, No. CV 07-7284-CJC (MLG), 2008 WL 2844494, at *1 (C.D.Cal. July 22, 2008). In accordance with the Act, the BOP issued an interim policy memorandum on April 14, 2008, stating that the "'categorical timeframe limitations on prerelease community confinement' found in 28 C.F.R. §§ 570.20 and 570.21 . . . 'are no longer applicable and must no longer be followed.'" Id. (citation omitted). On October 21, 2008, the BOP issued an interim rule "revis[ing] current regulations on pre-release community confinement in [28 C.F.R. § 570(b)] to conform with the requirement of the Second Chance Act." 73 Fed.Reg. 62440, 62441 (Oct. 21, 2008). In addition, the interim rule specifies that the decision to place an inmate in pre-release community confinement will be "determined on an individual basis" and according to the factors listed in 18 U.S.C. § 3621(b). Id. at 62442.

After Mr. Hollman requested immediate placement in a RRC, F.C.I. Elkton staff advised him that the Unit Team was reviewing his placement on an individual basis, as follows:

> 1) Resources of the facility contemplated
>
> 2) Nature + circumstances of the offense
>
> 3) History + characteristic of the prisoner
>
> 4) Any statement of the court that imposed the sentence
>
> 5) Any pertinent policy statement issued by the U.S. Sentencing Commission.

(Req. Admin. Rem., Atth. A.(1).) Inasmuch as the Second Chance Act and resulting new rule permit RRC placement in the final 12 months of a prisoner's sentence, as determined on an individual basis, his claim is moot. Petitioner was already within the last 12 months of his sentence

3

when he requested an earlier transfer date. Moreover, the BOP evaluated his circumstances on an individual basis as required by the statute. Thus, his claim that F.C.I. Elkton prevented an earlier transfer date is moot in light of the Second Chance Act and resulting revision to the BOP rules permitting placement on an individual basis within the last 12 months. Demis v. Sniezek, 558 F.3d 508, 513-14 (6th Cir. 2009).

Mr. Hollman's petition is also moot because he was transferred to a RRC during the pendency of this case.[1] The Sixth Circuit has ruled that a prisoner's placement in a RRC during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and falls outside the exception for cases capable of repetition but evading review. Brock v. U.S. Dept. of Justice, 256 F. App'x 748, 750 (6th Cir. 2007); see Demis, 558 F.3d at 514.

Based on the foregoing, the petition will be dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of this Court shall send a copy of the within Memorandum of Opinion and Order by regular mail to Elijah Hollman, #58643-053, 4612 Fox Road, Raleigh, NC 27616.

IT IS SO ORDERED.


Dated: February 26, 2010   /s/ John R. Adams
                           JOHN R. ADAMS
                           UNITED STATES DISTRICT JUDGE

---

[1] Since this petition was filed, Mr. Hollman was transferred to Community Corrections Management (CCM) Raleigh in Butner, North Carolina. See also Address Change Notice (Doc. 11) filed in Hollman v. Shartle, Case No. 4:09CV2836.